ROYSTER and another *v.* ROANOKE, N. & B. S. B. Co. and others.

*(Circuit Court, E. D. North Carolina. January, 1886.)*

FIRE INSURANCE—DOUBLE INSURANCE—INSURANCE BY OWNER AND BY CARRIER.
    Where owners of certain cotton ship it by a carrier, and obtain insurance on it, and the carrier, at the time, has annual policies covering the cargoes of its steamer, which policies contain a clause limiting the insurance to the interest of the insured, and a fire occurs, this does not constitute double insurance, and the shipper's insurers cannot make the carrier's insurers contribute to their loss.

In Chancery.

This is a suit in chancery by the plaintiffs on behalf of their insurers, the Union Insurance Company, against the defendant, to compel it and its insurers to contribute to a loss under the following circumstances: The steam-boat company is a common carrier. It received from the plaintiffs certain cotton for transportation on its steamer Commerce. The said steamer, with her cargo, was destroyed by fire. No negligence in the matter was charged. The plaintiffs had insurance on their cotton in the Union Insurance Company, which paid them $3,900 on their loss. The steam-boat company also had

insurance to the amount of $10,000 in policies dated January 27, 1883, and running a year, made payable to the steam-boat company for the benefit of whom it might concern. They were not floating policies, covering the goods on the special trip during which the fire occurred, but policies covering many goods on many trips. The fire occurred on December 6, 1883. After the fire, the steam-boat company compromised with its insurers by collecting $4,060.89, and applying it to the reimbursement of those of its shippers who were uninsured. This suit is brought by the plaintiffs, for the benefit of their insurers, against the steam-boat company and its insurers, claiming that there was double insurance, and that the plaintiff's insurers can make the insurers of the steam-boat company contribute to their loss. The only defendant insurers who have been served with process, and answered, are the Royal Insurance Company and the London & Lancashire Insurance Company, each of whom paid $1,015.22 under the circumstances above mentioned. The material portion of the policies of the defendant companies (taking the Royal as a sample, as they were all identical except as to names and amounts) is as follows:

"The Royal Insurance Co., * * * in consideration of $50, * * * do insure the *Roanoke, N. & B. Steam-boat Co.*, against loss or damage by fire, to the amount of $2,500, the property hereinafter described: *On all goods, wares, and merchandise generally, including cotton in bales,—their own, or in their care or custody as common carriers or warehousemen,—while in transit on board their steamer Commerce.* * * * *Loss, if any, payable to said company for account of whom it may concern.* * * * And the said * * * company hereby agree * * * to make good unto the said assured * * * all such immediate loss or damage, not exceeding in amount the sum or sums insured as above specified, nor the interest of the assured in the property, except as herein provided, as shall happen by fire," etc.

That portion of the above in italics was in writing, the balance was in print.

*Richard Walke* and *Walter Clark*, for complainants.

*Robt. M. Hughes*, for defendants.

BOND, J. This cause was submitted on the bill, answer, and exhibits, with an agreed statement of facts therein, and was argued by counsel.

The court is of opinion that the complainants are not entitled to recover. The complainants shipped, on board the defendant's steam-boat, 78 bales of cotton. The steam-boat with all its cargo was destroyed by fire. The complainants had insured, as owners, the cotton in their own names, to the extent of their estimate of its value to them. The defendant company had a policy for a year covering all cargoes on board, limiting the liability of insurers to the extent of the interest of the insured in the cargo. The steam-boat company had no interest in the complainant's cotton, and, when it was consumed, was paid nothing on account of its loss. The company was under no obligation to insure its cargoes, and did not do so further

than to protect its interest for freight, charges, and loss accruing from the negligence of its employes. This is not double insurance, which makes a proper case of contribution between the several insurance companies. To make such a case, the property insured and the interest insured must be identical. A decree will be signed in accordance herewith.